Filed 10/31/13  P. v. Barrow CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FIFTH APPELLATE DISTRICT**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | F065606 |
| v. | (Super. Ct. No. BF138534B) |
| ALEXIS DANIELLE BARROW, | **OPINION** |
| Defendant and Appellant. | |

**THE COURT**[*]

APPEAL from a judgment of the Superior Court of Kern County.  John S. Somers, Judge.

Francine R. Tone, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Poochigian, J., and Franson, J.

Appellant, Alexis Danielle Barrow, was convicted after a bench trial of possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)). Following independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436, we affirm.

## FACTUAL AND PROCEDURAL HISTORY

On September 14, 2011, at around 10:00 p.m., Bakersfield Police Officer Nicole Shihrer contacted Barrow at the Tropicana Hotel. Officer Shihrer asked Barrow if she was on probation with search terms and she responded that she was, which Shihrer confirmed with a records check. Shihrer did a patdown search of Barrow in a motel room and did not find anything. Shihrer noticed Barrow was extremely nervous, fidgety, and shaking and when Shihrer asked Barrow to stand up to be searched again, she began shaking her right leg. This indicated to Shihrer that Barrow might be trying to remove narcotics from her person or drop them from inside her pant legs. Shihrer then took Barrow into a bathroom, searched her a second time, and located a hard object by her right knee. As Shihrer manipulated the object to see what it was, a yellow ziplock bag containing several individual baggies of methamphetamine fell out of the bottom of her pant leg.

On October 6, 2011, the district attorney filed an information charging Barrow with possession of methamphetamine and a prior prison term enhancement (Pen. Code, § 667.5, subd. (b)).

On December 27, 2011, defense counsel filed a motion to suppress.

On January 4, 2012, defense counsel filed a motion to disclose the identity of a confidential informant.

On March 15, 2012, at the request of the defense, the motion to disclose the identity of a confidential informant was dropped from the calendar.

On April 23, 2012, Barrow waived her right to jury trial.

2

On April 24, 2012, the court conducted a bench trial in this matter during which it also heard the defense's motion to suppress. At the conclusion of the trial the court denied the motion to suppress and it found Barrow guilty of possession of methamphetamine. Additionally, the court granted the prosecutor's motion to dismiss the prior prison term enhancement. The court then heard and denied the defense's motion to reduce Barrow's possession of methamphetamine conviction to a misdemeanor.

On May 30, 2012, Barrow waived her right to be placed on Proposition 36 probation.

On June 20, 2012, the court placed Barrow on probation for three years on condition that she serve the first six months in local custody and it ordered her to participate in a drug and alcohol program approved by the probation department. The court also awarded Barrow three days of presentence custody credit.

Barrow's appellate counsel has filed a brief which summarizes the facts, with citations to the record, raises no issues, and asks this court to independently review the record. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Barrow has not responded to this court's invitation to submit additional briefing.

Following an independent review of the record we find that no reasonably arguable factual or legal issues exist.

## DISPOSITION

The judgment is affirmed.